UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH HARRIS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| *Versus* | § | |
| | § | |
| ELISEO "AL" CANTU, JR. in his official | § | |
| capacity as chairman of the Texas Veterans | § | |
| Commission; JAMES SCOTT in his official | § | |
| capacity as vice chair of the Texas Veterans | § | CIVIL ACTION NO.:  14-cv-1312 |
| Commission; RICHARD MCLEON, IV in | § | |
| his official capacity as secretary of the Texas | § | |
| Veterans Commission; JAKE ELLZEY in his | § | |
| official capacity as a member of the Texas | § | |
| Veterans Commission; DANIEL MORAN in | § | |
| his official capacity as a member of the Texas | § | |
| Veterans Commission; HAROLD HAHN in | § | |
| his official capacity as chairman of the Texas | § | |
| Higher Education Coordinating Board; | § | |
| ROBERT JENKINS, Jr. in his official | § | |
| capacity as vice chair of the Texas Higher | § | |
| Education Coordinating Board; SADA | § | |
| CUMBER in his official capacity as a | § | |
| member of the Texas Higher Education | § | |
| Coordinating Board; CHRISTOPHER | § | |
| HUCKABEE in his official capacity as a | § | |
| member of the Texas Higher Education | § | |
| Coordinating Board; JACOB MONTY in his | § | |
| official capacity as a member of the Texas | § | |
| Higher Education Coordinating Board; | § | |
| JANELLE SHEPARD in her official capacity | § | |
| as a member of the Texas Higher Education | § | |
| Coordinating Board; JOHN STEEN, Jr. in his | § | |
| official capacity as a member of the Texas | § | |
| Higher Education Coordinating Board; | § | |
| DAVID TEUSCHER in his official capacity | § | |
| as a member of the Texas Higher Education | § | |
| Coordinating Board; RAYMOND PAREDES | § | |
| in his official capacity as a member of the | § | |
| Texas Higher Education Coordinating Board; | § | |
| RENU KHATOR in her official capacity as | § | |
| president of the University of Houston; | § | |

JARVIS HOLLINGSWORTH in his official    §
capacity as the chairman of the University of    §
Houston Board of Regents; TILMAN    §
FERTITTA, in his official capacity as vice    §
chairman of the University of Houston Board    §
of Regents; WELCOME WILSON, JR. in his    §
official capacity as secretary of the University    §
of Houston Board of Regents; BETH    §
MADISON in her official capacity as a    §
member of the University of Houston Board    §
of Regents; SPENCER ARMOUR, III in his    §
official capacity as a member of the    §
University of Houston Board of Regents;    §
ROGER WELDER in his official capacity as    §
a member of the University of Houston Board    §
of Regents; DURGA AGRAWAL in his    §
official capacity as a member of the    §
University of Houston Board of Regents;    §
PAULA MENDOZA in her official capacity    §
as a member of the University of Houston    §
Board of Regents; PETER TAAFFE in his    §
official capacity as a member of the    §
University of Houston Board of Regents;    §
RICK PERRY in his official capacity as the    §
Governor of the State of Texas; GREG    §
ABBOTT in his official capacity as the    §
Attorney General of the State of Texas    §
    §
Defendants.    §

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

### I. INTRODUCTION

1.    Plaintiff Keith Harris is an honorably-discharged military veteran, legal resident of the State of Texas for the past 10 years, and law student at the University of Houston.  He enlisted in the military as a Georgia resident in 1996 before moving to Texas in 2004.  Plaintiff brings this suit to challenge his unconstitutional exclusion from the benefits afforded under the Texas Hazlewood Act (TEX. EDUC. CODE ANN. §54.341).

2.    The Texas Hazlewood Act provides tuition and fee exemptions for military

veterans attending Texas public universities if the veterans are Texas residents.  However, the Texas Hazlewood Act does not apply to Texas veterans if they were not Texas residents at the time they entered the military.  The requirement that one must have been a Texas resident at the time of entering the military—which is something the individual can never change or later satisfy—is referred to as a fixed-point residency requirement that discriminates between different types of current Texas residents in violation of the Equal Protection Clause of the Fourteenth Amendment and the fundamental right to travel protected by the United States Constitution.  *See Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 911 (1986) ("Once veterans establish bona fide residence in a State, they become the State's own and may not be discriminated against solely on the basis of [the date of] their arrival in the State") (holding civil service preferences given only to veteran residents who lived in New York at time of entering service was unconstitutional) (internal citations omitted).

3.      The Attorney General of Texas previously opined that a court "probably would find that the [Hazlewood] statute unconstitutionally discriminates against honorably discharged, resident veterans who did not reside in Texas when they entered the service."  *See* Exhibit 1 (Opinion).  The Texas Attorney General further opined that "a court would remedy the unconstitutionality by extending the exemption to all honorably discharged, resident veterans." *See* Exhibit 1.

4.      This case seeks prospective injunctive and declaratory relief to redress U.S. Constitutional violations, and is not barred by the Eleventh Amendment.

## II.  JURISDICTION

5.      This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, and this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §§

1331, 1343(a)(3), 2201, and 2202.

## III.  VENUE

6.      Venue is proper in the Southern District of Texas under (1) 28 U.S.C. § 1391(b)(1) because at least one Defendant is a resident of this district and all are residents of Texas, and (2) 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV.  PARTIES

7.      Plaintiff Keith Harris is a resident of Harris County, Texas, and is a United States citizen.

8.      Defendant Eliseo "Al" Cantu, Jr. is sued in his official capacity as the chairman of the Texas Veterans Commission.  His duties as a member of the Texas Veterans Commission include responsibility for implementation and administration of the Texas Hazlewood Act and the rules applying to the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

9.      Defendant James Scott is sued in his official capacity as the vice chair of the Texas Veterans Commission.  His duties as a member of the Texas Veterans Commission include responsibility for implementation and administration of the Texas Hazlewood Act and the rules applying to the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

10.     Defendant Richard McLeon, IV is sued in his official capacity as the secretary of the Texas Veterans Commission.  His duties as a member of the Texas Veterans Commission include responsibility for implementation and administration of the Texas Hazlewood Act and the rules applying to the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

11.     Defendant Jake Ellzey is sued in his official capacity as a member of the Texas Veterans Commission.  His duties as a member of the Texas Veterans Commission include responsibility for implementation and administration of the Texas Hazlewood Act and the rules applying to the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

12.     Defendant Daniel Moran is sued in his official capacity as a member of the Texas Veterans Commission.  His duties as a member of the Texas Veterans Commission include responsibility for implementation and administration of the Texas Hazlewood Act and the rules applying to the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

13.     Defendant Harold Hahn is sued in his official capacity as the chairman of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and enforce Hazlewood Act arises under Texas law, including, but not limited to, the following

provisions:   Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

14.     Defendant Robert Jenkins, Jr. is sued in his official capacity as the vice chair of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

15.     Defendant Sada Cumber is sued in his official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:   Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

16.     Defendant Christopher Huckabee is sued in his official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:  Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

17.     Defendant Jacob Monty is sued in his official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and

enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:   Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

18.     Defendant Janelle Shepard is sued in her official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  Her authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:   Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

19.     Defendant John Steen, Jr. is sued in his official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:   Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

20.     Defendant David Teuscher is sued in his official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for implementation and administration of the Texas Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions:   Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

21.     Defendant Raymund Paredes is sued in his official capacity as a member of the Texas Higher Education Board.  His duties as a member of that board include responsibility for

implementation and administration of the Texas Hazlewood Act. His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions: Texas Education Code §§ 54.341(d),(i),(o); Texas Administrative Code §§ 461.10(b), 461.20(1)-2, 461.30.

22. Defendant Renu Khator is sued in her official capacity as president of the University of Houston. Her duties include overseeing the University of Houston, a Texas public university that includes that University of Houston Law Center in Houston, Texas. Through its office of Student Financial Services, the University of Houston administers the Texas Hazlewood Act with respect to its undergraduate and postgraduate students. Her authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to, the following provisions: Texas Education Code §111.18; Texas Administrative Code § 461.30.

23. Defendant Jarvis Hollingsworth is sued in his official capacity as Chairman of the University of Houston Board of Regents. The Board of Regents is the state governing body of the University of Houston System, which includes the University of Houston. The duties of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act. His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision: Texas Education Code §§ 54.341(d).

24. Defendant Tilman Fertitta is sued in his official capacity as vice chairman of the University of Houston Board of Regents. His duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act. His authority to administer and enforce the Hazlewood Act arises under Texas law,

including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

25.     Defendant Welcome Wilson, Jr. is sued in his official capacity as secretary of the University of Houston Board of Regents.  His duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

26.     Defendant Beth Madison is sued in her official capacity as a member of the University of Houston Board of Regents.  Her duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

27.     Defendant Spencer Armour, III is sued in his official capacity a member of of the University of Houston Board of Regents.  His duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

28.     Defendant Roger Welder is sued in his official capacity as a member of the University of Houston Board of Regents.  His duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood

Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

29.    Defendant Durga Agrawal is sued in his official capacity as a member of the University of Houston Board of Regents.  His duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

30.    Defendant Paula Mendoza is sued in herofficial capacity as a member of the University of Houston Board of Regents.  Her duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

31.    Defendant Peter Taaffe is sued in his official capacity as a member of the University of Houston Board of Regents.  His duties as a member of the of the Board of Regents include overseeing the administration of the university system and setting policy for the university system, including administration and policy for the enforcement of the Hazlewood Act.  His authority to administer and enforce the Hazlewood Act arises under Texas law, including, but not limited to the following provision:  Texas Education Code §§ 54.341(d).

32.    Defendant Rick Perry is sued in is official capacity as the Governor of the State of Texas and in his official capacity as the head of the Texas Veterans Commission.  The Texas Veterans Commission official organizational chart lists Rick Perry as the head of the

organization, with the five lower members/commissioners of the Texas Veterans Commission reporting directly to him.  *See* Exhibit 7.  As the head of the organization listed directly on the organizational chart of the Texas Veterans Commission (notably with no intermediary points of contact or chains of command), Governor Rick Perry is specifically overseeing the entity that is administering and enforcing the Texas Hazlewood Act.

33.     Defendant Greg Abbott is sued in his official capacity as the Attorney General of the State of Texas.  His duties as attorney general include issuing opinions on the constitutionality of state law, including the Hazlewood Act, and defending challenges to state laws.  In his role as Attorney General, Defendant Greg Abbott is defending the enforceability of the Hazlewood Act, and seeking to uphold its enforcement.

34.     As discussed above and below, each of the foregoing Defendants has some connection, and in fact a significant connection, to the administration and enforcement of the Hazlewood Act's provisions put at issue in this lawsuit.

## V.  FACTS

35.     Plaintiff Keith Harris ("Plaintiff" or "Harris") was raised in College Park, Georgia on the south side of Atlanta.

36.     At the age of 18, Harris enlisted in the Army because he wanted to serve his country and because he wanted to help financially support his sister.

37.     Harris served four years in the Army and was honorably discharged, serving some of his active duty in Korea.  During his service, Harris received the Army Commendation Medal, Army Achievement Medal, Good Conduct Medal, Army Service Ribbon, Overseas Service Ribbon, Air Assault Badge, and the Sharpshooter Marksmanship Badge (Rifle M-16).

38.     Following his discharge from the Army, Harris moved to Georgia, obtained a job,

got married, and started raising a family.  Harris moved with his family to Houston, Texas in November 2004.  For the last 10 years, Harris has worked in Houston, Texas at Paychex, Inc.

39.     While in the Army, Harris began taking college level courses and began working towards a college degree.  Taking advantage of the Federal GI Bill educational benefits, Harris continued to work towards a college degree after leaving the Army, including taking classes at Houston Community College and the University of Houston—Downtown.  In December 2011, Harris completed and was awarded a bachelor's degree in business from the University of Houston—Downtown.

40.     Harris applied and was accepted as a law student to the University of Houston Law Center, and enrolled in August 2012.  He is currently in his second year.  Harris has exhausted his Federal GI Bill benefits, and is paying for his tuition and fees on his own.

41.     The Texas Hazlewood Act exempts Texas veterans from having to pay tuition and other fees at Texas public universities if they have exhausted their federal educational benefits (which Harris has done), but only if they were Texas residents at the time of enlistment.  *See* TEX. EDUC. CODE ANN. §54.341 (providing for an exemption, but only if "the person seeking the exemption currently resides in this state and entered the service at a location in this state, declared this state as the person's home of record in the manner provided by the applicable military or other service, or would have been determined to be a resident of this state").

42.     Harris learned about the Texas Hazlewood Act in the summer of 2012, and pursued the benefits.  However, the application specifically excludes him from the program.  *See* Exhibit 2 (Hazlewood application asking "8. <u>At the time you entered the service</u>...c. Were you a Texas resident?...*If you answered "no" to…8c, you are not eligible for a Hazlewood

exemption.") (emphasis in original).[1]  Harris' exclusion from the program was communicated and re-confirmed by a representative of the University of Houston's Office of Student Financial Services when he inquired about obtaining the benefits.  Harris meets all requirements for the Texas Hazlewood Act, except the requirement that he must have entered the military while a resident of Texas.  *See generally* Exhibit 2 (completed application of Harris for the Texas Hazlewood Act); *see generally* TEX. EDUC. CODE ANN. § 54.341; TEX. ADMIN. CODE 461.40(1) (Texas Veterans Commission rules restricting Hazlewood to residents who were also residents of Texas when they enlisted).  Harris does not qualify for the Hazlewood Act, because the Defendants – individual board members of the Texas Veterans Commission, individual board members of the Texas Higher Education Coordinating Board, individual board members of the University of Houston Board of Regents, the President of the University of Houston, the Attorney General, and Governor Rick Perry – have administered and enforced the Hazlewood Act (and allowed it to be administered and enforced) such that he cannot qualify for the tuition exemption no matter how he completes the application.  Exhibit 2.

43.     In 1998, the Attorney General of Texas opined that the Texas Hazlewood Act is unconstitutional as it pertains to Texas veterans that enlisted while residents of another state, predicted that a court would hold it is unconstitutional, and predicted that "a court would remedy the unconstitutionality by extending the exemption to all honorably discharged, resident veterans."  Exhibit 1.

44.     Defendant Al Cantu, Jr. is chairman of the Texas Veterans Commission.

---

[1] The Texas Veterans Commission seems to have revised, in June 2014, the application to remove the express statement that one must have been a resident of Texas at enlistment.  The requirement, however, is still imbedded in the Texas Veterans Commission application (and of course, the law).  *See* Exhibit 5 (revised application showing revision date of June 2014) (page 1 requiring evidence of home of record at time of entry) and TEX. ADMIN. CODE 461.40(1) (Texas Veterans Commission rules restricting Hazlewood to residents who were also residents of Texas when they enlisted).

Defendant Harold Hahn is the chairman of the Texas Higher Education Coordinating Board.  Not only do these persons (through their associated entities) have "some connection" with the Hazlewood Act—the entities over which they preside are specifically mentioned and charged with responsibilities and duties under the Act.  The Act specifically provides:

> (o) The **Texas Higher Education Coordinating Board** and the **Texas Veterans Commission shall coordinate** to provide each respective agency with any information required **to ensure the proper administration** of this section and the proper execution of each agency's statutory responsibilities concerning this section.

TEX. EDUCATION CODE 54.341 (emphasis added).

45.    The Texas Veterans Commission (in coordination with the Texas Higher Education Coordinating Board) develops the application that outlines who qualifies for the Hazlewood Act application:[2]

> (d) The governing board of each institution of higher education granting an exemption under this section shall require each applicant claiming the exemption to submit to the institution, in the form and manner prescribed by the **Texas Veterans Commission** for purposes of this section under Section 434.0079(b), Government Code, an application for the exemption and necessary evidence that the applicant qualifies for the exemption not later than the last class date of the semester or term to which the exemption applies, except that the governing board may encourage the submission of an application and evidence by the official day of record for the semester or term to which the exemption applies on which the institution must determine the enrollment that is reported to the Texas Higher Education Coordinating Board.

*Id.* (emphasis added).

46.    The Texas Veterans Commission does not act alone, but must act in consultation with the Texas Higher Education Coordinating Board:

> (i) The **Texas Veterans Commission** may adopt rules to provide for the efficient and uniform application of this section.  **In developing rules under**

---

[2] Until June 14, 2013, when the Hazlewood Act was amended, the Texas Higher Education Coordinating Board bore the primary responsibility for developing rules for "the efficient and uniform application" of the statute.  S.B. 1158, 83rd Leg., R.S., Ch. 1193, § 1, eff. June 14, 2013.  The Board is still involved today as outlined herein.

> *this subsection, the commission shall consult with the Texas Higher*
> *Education Coordinating Board* and institutions of higher education.

*Id.* (emphasis added).

47.     The rules pertaining to the Texas Veterans Commission and the Texas Higher Education Coordinating board have been promulgated by those agencies under the Texas Administrative Code.  The pertinent Texas Administrative Code provisions can be accessed from the Texas Veterans Commission website under the link "Texas Veterans Commission Rules, Chapter 461."[3]  The stated purpose of the rules is "to provide procedures and criteria for the administration of an exemption program for Texas veterans and dependents at public institutions of higher education."   TEXAS ADMINISTRATIVE CODE § 461.10 (b).   Demonstrating its involvement, the code defines "Board" as "The Texas Higher Education Coordinating Board." *Id.* § 461.20(1).  Further, "commission" is defined as "The Texas Veterans Commission." *Id.* § 461.20(2).   The headings of the various sections include such titles as "Hazlewood Act Exemption," "Veteran Eligibility," and "The Application." *Id.* § 461.30 *et seq.*  Included in the various sections are a plethora of rules, requirements, and procedures that the Texas Veterans Commission and the Texas Higher Education Coordinating Board administers and enforces in connection with the Texas Hazlewood Act. *See generally id.*

48.     In short, Chairman Cantu of the Texas Veterans Commission and Chairman Hahn of the Texas Higher Education Coordinating Board not only have "some connection" to the Hazlewood Act, they have a very strong connection and are charged with the "proper administration" of the Act.

49.     It has previously been conceded that Jarvis Hollingsworth, as Chairman of the University of Houston Board of Regents, is a proper defendant. *See* Motion to Dismiss filed

---

[3] Texas Veterans Commission, *Hazlewood Act*, TEXAS VETERANS COMMISSION (June 24, 2014 at 12:47 AM), http://www.tvc.texas.gov/Hazlewood-Act.aspx.

June 3, 2014 pg. 6.  Defendant Khator, president of the University of Houston, is an extension of the board of regents, which is the governing body of the University of Houston.  The law provides that, "The board shall select a president for the university, who shall be the executive officer for the board and shall work under its direction.  The president shall recommend the plan or organization of the university and shall be responsible to the board for the general management and success of the university."  TEX. EDUCATION CODE § 111.18 (section detailing powers of the University of Houston president).

50.     The Texas Veterans Commission and the Texas Higher Education Coordinating Board dictate that "Subject to the following provisions, an institution shall exempt an eligible person from payment of tuition…," and the sections that then follow detail the rules of the Hazlewood Act and how it is administered.  TEXAS ADMINISTRATIVE CODE § 461.30 *et seq.*  The code defines "institution" as "[a] Texas public institution of higher education", a definition that includes the University of Houston.  The president of the University of Houston, Defendant Khator, is responsible for the management of the school, which necessarily includes ensuring the Hazlewood Act program is properly administered and that tuition is exempted by the University of Houston for those who qualify.  Thus, she clearly has "some connection" to the challenged conduct.

51.     In *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1132 (9th Cir. 2012), the president of the University of California sought Eleventh Amendment immunity in a suit in which the members of the board of regents were also sued, and in which it was recognized that "The University of California is a public university system governed by the Regents of the University of California."  The court rejected the argument that the president was immune from suit:

Applying *Ex parte Young* and *Eu*, we hold that Yudof is not immune from Plaintiff's suit seeking prospective declaratory and injunctive relief relating to the admission criteria of the university of which he is president. Yudof has a "fairly direct" connection, to say the least, to the enforcement of section 31. *See Eu*, 979 F.2d at 704. As the head of the University of California, he does more than just "live with" section 31. He enforces it. He is duty-bound to ensure that his employees follow it and refrain from using race as a criterion in admission decisions. Yudof's argument that he is merely 'implementing,' not 'enforcing' section 31, minimizes his role as President of the University and is inconsistent with *Eu. Id.* at 1134-1135.

52. Likewise, Defendant Khator has "some connection" to the enforcement of the statute as the president of the University of Houston and as an extension of the board of regents.

53. Attorney General Greg Abbott is joined due to his office's involvement and connection to the Texas Hazlewood Act and its enforcement. The Attorney General has previously rendered an opinion as to the likely unconstitutionality of the Hazlewood Act's exclusion of current bona fide Texas residents based on residence at the time of enlistment.[4] *See* Exhibit 1. Now, the Attorney General has filed an answer on behalf of Defendant Jarvis Hollingsworth denying the relief requested, presumably based on the opinion that the law is constitutional, and the Attorney General is defending the statute and seeking to uphold its enforcement. *See* Answer filed June 3, 2014.

54. By defending this lawsuit on behalf of Defendant Jarvis Hollingsworth, and by denying the averments in the complaint that the Hazlewood Act's exclusion of Plaintiff is unconstitutional, the Attorney General has demonstrated there is a connection between himself and the enforcement of the statute.[5] *See 281 Care Committee v. Arneson*, 638 F.3d 621, 632-633 (8th Cir. 2011) ("Second, the attorney general is responsible for defending the decisions of the

---

[4] And although opinions of the Attorney General are non-binding, they are deemed highly persuasive and therefore can have an effect on enforcement. *Swearningen v. Owens-Corning Fiberglas Corp.*, 968 F.2d 559, 564 (5th Cir. 1992).

[5] The Texas Government Code further requires notice to the Texas Attorney General of all constitutional challenges to state statutes. *See* TEX. GOVERNMENT CODE § 402.01.

OAH—including decisions pursuant to section 211B.06—if they are challenged in civil court.")
(holding these facts contributed to establish *Ex Parte Young* exception to the Eleventh
Amendment with regards to the state's attorney general).

55.     If the Hazlewood Act is indeed unconstitutional, it is appropriate to enjoin the
Attorney General from rendering or withdrawing opinions, initiating lawsuits, or taking
inconsistent  positions.  Indeed, in the seminal *Ex Parte Young* case from which the Eleventh
Amendment exception at issue here was articulated, the Supreme Court allowed an injunction
against the attorney general of Minnesota to issue in connection with an unconstitutional statute,
noting the attorney general was a proper party because "the attorney general might institute,
conduct, and maintain all suits and proceedings he might deem necessary for the enforcement of
the laws of the state." *Ex Parte Young*, 209 U.S. 123 (1908).

56.     The Attorney General also has a prior history of acting in connection with the
Hazlewood Act to effect change.  Notably, in 2007, the Hazlewood Act was challenged in
federal court by Texas veterans who were citizens of Bosnia, Jordan, and Mexico when they
enlisted.  In response to the lawsuit, Attorney General Greg Abbott withdrew two legal opinions
dictating how the Hazlewood Act was to be enforced, and the case settled as a result.  *See*
Exhibit 4 to First Amended Complaint (Order in *Dominguez v. State of Texas*, No. 5:07-cv-
00549, Doc. 70 at 9 (S.D. Tex. January 17, 2008))(declaring claims moot because Attorney
General Abbot withdrew opinions GA-0347 and GA-0445); *see also* Exhibit 6 (Second
Amended Complaint in *Dominguez v. State of Texas*, No. 5:07-cv-00549, Doc. 54 (S.D. Tex.
January 2, 2008)).  As a result, the Hazlewood Act was expanded to include those who were
Mexican citizens when they enlisted (although today it unconstitutionally still does not cover all
bona fide Texas residents).

## VI. CAUSES OF ACTION

COUNT 1 – DENIAL OF EQUAL PROTECTION GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

57.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if set out in full here.

58.     The Texas Hazlewood Act (TEX. EDUC. CODE ANN. §54.341) and the Defendants' conduct in conformance with the Texas Hazlewood Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, both on its face and as applied to the Plaintiff, by discriminating against and excluding current Texas residents from the benefits of the Texas Hazlewood Act because of their status as residents of another state when they entered the military.  *See Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 911 (1986) ("Once veterans establish bona fide residence in a State, they "become the State's 'own' and may not be discriminated against solely on the basis of [the date of] their arrival in the State.") (holding civil service preferences given only to veteran residents who lived in New York at time of entering service was unconstitutional under the Equal Protection Clause); Exhibit 1 (Opinion of Texas Attorney General); *see also* Matthew B. Allen, *The Unconstitutional Denial of a Texas Veterans Benefit*, 46 Hous. L. Rev. 1607, 1613-1622 (2010) (recipient of the Texas Bar Foundation's 2011 Outstanding Law Review Article Award).

COUNT 2 – VIOLATION OF THE FUNDAMENTAL RIGHT TO TRAVEL PROTECTED BY THE U.S. CONSTITUTION

59.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if set out in full here.

60.     The Texas Hazlewood Act (TEX. EDUC. CODE ANN. §54.341) and the Defendants' conduct in conformance with the Texas Hazlewood Act violates the fundamental right to travel

recognized under the United States Constitution's Privileges and Immunities Clause of Article IV, the Commerce Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment, both on its face and as applied to the Plaintiff, by discriminating against and excluding current Texas residents from the benefits of the Texas Hazlewood Act because of their status as residents of another state when they entered the military.  *See Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 902, 911 (1986) (discussing the origins and constitutional basis of the fundamental right to travel) (holding civil service preferences given only to veteran residents who lived in New York at time of entering service unconstitutionally violated the fundamental right to travel and migrate).

## COUNT 3 – VIOLATION OF 42 U.S.C. § 1983

61.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if set out in full here.

62.     Insofar as Defendants, acting under color of state law, enforce Texas' Hazlewood Act in a manner that discriminates against and excludes current Texas residents from the benefits of the Texas Hazlewood Act because of their status as residents of another state when they entered the military, Defendants are depriving and will continue to deprive Plaintiffs of rights asserted by the United States Constitution in violation of 42 U.S.C. § 1983.

## COUNT 4 – DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §§ 2201 and 2202

63.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if set out in full here.

64.     There is an actual controversy within this Court's jurisdiction regarding whether the exclusion of Texas resident veterans who entered the military as residents of another state from the Texas Hazlewood Act violates the Equal Protection Clause and fundamental right to

travel protected by the U.S. Constitution.

65.     Plaintiff requests that this Court declare that the Texas Hazlewood Act (TEX. EDUC. CODE ANN. §54.341) and the Defendants' conduct in conformance with the Texas Hazlewood Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the fundamental right to travel recognized under the United States Constitution's Privileges and Immunities Clause of Article IV, the Commerce Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment, both on its face and as applied to the Plaintiff and all those similarly situated, by discriminating against and excluding current Texas residents from the benefits of the Texas Hazlewood Act because of their status as residents of another state when they entered the military.

<u>COUNT 5 – APPLICATION FOR PRELIMINARY INJUNCTION<br>AND PERMANENT INJUNCTION</u>

66.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if set out in full here.

67.     As a direct and proximate result of the conduct of Defendants as described above, Plaintiff is suffering and will continue to suffer immediate and irreparable harm for which he has no adequate remedy at law.  *See Courthouse News Service v. Jackson*, 2009 WL 2163609, *4 (S.D. Tex. 2009) (It is well established that a violation of a party's constitutional rights constitutes irreparable harm a matter of law).

68.     There is a substantial likelihood that Plaintiff will prevail on the merits of his claims and there is a probable right to the relief sought herein.  *See Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 911 (1986) (holding civil service preferences given only to veteran residents who lived in New York at time of entering service was unconstitutional under the Equal Protection Clause and violated the constitution's fundamental right to travel) ("Once

veterans establish bona fide residence in a State, they "become the State's 'own' and may not be discriminated against solely on the basis of [the date of] their arrival in the State."); Exhibit 1 (Opinion of Texas Attorney General) (opining that a court "probably would find that the statute unconstitutionally discriminates against honorably discharged, resident veterans who did not reside in Texas when they entered the service" and that "a court would remedy the unconstitutionality by extending the exemption to all honorably discharged, resident veterans."

69.     Greater injury will result from denying an injunction than from it being granted, and the injunctive relief sought herein will not disserve the public interest.

70.     The public interests and equities at issue in this case weigh in favor of exempting Plaintiff from posting a bond.  Plaintiff cannot afford to post a significant bond, and Plaintiff requests that no bond be required.  *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 627 (5th Cir. 1996) (holding that the amount of security required pursuant to Rule 65(c) is a matter for the discretion of the trial court, and that the court may elect to require no security at all).

71.     Plaintiff requests a preliminary injunction and thereafter a permanent injunction that enjoins the discrimination and exclusion of Texas residents from the Texas Hazlewood Act (TEX. EDUC. CODE ANN. §54.341) because of their status as residents of another state at the time they entered the military.

## VII.  PRAYER

72.     Plaintiff prays that this Court grant the following relief, which is constrained in this lawsuit solely to prospective injunctive and declaratory relief:

73.     Declare that the Texas Hazlewood Act (TEX. EDUC. CODE ANN. §54.341) and the Defendants' conduct in conformance with the Texas Hazlewood Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the

fundamental right to travel recognized under the United States Constitution's Privileges and Immunities Clause of Article IV, the Commerce Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment, both on its face and as applied to the Plaintiff and all those similarly situated, by discriminating against and excluding current Texas residents from the benefits of the Texas Hazlewood Act because of their status as residents of another state when they entered the military;

74.    Issue a preliminary injunction and permanent injunction enjoining the exclusion of current Texas residents from the Texas Hazlewood Act because of their status as residents of another state at the time they entered the military;

75.    Issue any orders necessary to ensure that the rules, policies and practices of Defendants no longer discriminate against or exclude current Texas residents from the Texas Hazlewood Act because of their status as residents of another state at the time they entered the military;

76.    Retain jurisdiction to render any and all further orders that this Court may from time to time deem appropriate; and

77.    Grant any and all further relief to which Plaintiff shows himself to be entitled.

Respectfully submitted,

By:  /s/ John D. Sheppard

John D. Sheppard (attorney-in-charge)
State Bar No. 24051331
SD Tex. Federal Bar No. 635193
jsheppard@sohjlaw.com
Rebecca Phillips
State Bar No. 24079136
SD Tex. Federal Bar No. 1402496
rphillips@sohjlaw.com
SCHIFFER ODOM HICKS & JOHNSON, PLLC

700 Louisiana, Suite 1200
Houston, Texas 77002
Tel:  713-357-5150
Fax:  713-357-5160

ATTORNEYS FOR PLAINTIFF KEITH
HARRIS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 24th day of June, 2014.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation

SHELLEY NIETO DAHLBERG
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)
shelley.dahlberg@TexasAttorneyGeneral.gov

***ATTORNEY FOR DEFENDANTS***

*/s/* John D. Sheppard
John D. Sheppard