IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-1312 |
| ELISEO "AL" CANTU, JR. in his | § | |
| official capacity as chairman | § | |
| of the Texas Veterans | § | |
| Commission, *et al.*, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Application for a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 11).[1] After carefully considering the motion, response, and applicable law, the Court concludes as follows.

I. Background

Plaintiff Keith Harris ("Plaintiff") enlisted in the Army at the age of 18 in his home state of Georgia.[2] Plaintiff served four years and was honorably discharged, after which he returned to

---

[1] Also pending are Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 5), which is denied as moot, and the parties' cross-motions for summary judgment (Document Nos. 24, 28), which are not yet ripe for adjudication.

[2] Document No. 6 ¶¶ 35-36 (1st Am. Compl.).

Georgia, obtained a job, got married, and started a family.[3] Plaintiff moved to Houston, Texas in November 2004, and has been a Texas resident for the past ten years.[4]

Plaintiff began taking college courses while he was enlisted, and using his federal GI Bill educational benefits, he continued to take classes after leaving the Army.[5] Plaintiff received his bachelor's degree in business from the University of Houston-Downtown in December 2011.[6] Plaintiff enrolled as a law student at the University of Houston Law Center in August 2012,[7] and began his third year of law school this fall.[8] Plaintiff exhausted his GI Bill benefits and is paying for his tuition and fees on his own.[9]

The Texas Hazlewood Act ("the Act") exempts Texas veterans who were Texas residents at the time of their enlistment from paying tuition, dues, and certain fees at Texas public universities after they have exhausted their federal educational benefits. TEX. EDUC. CODE § 54.341(a) (veteran shall be exempt from tuition, dues, and

---

[3] Id. ¶¶ 37-38.

[4] Id. ¶ 38.

[5] Id. ¶ 39.

[6] Id.

[7] Id. ¶ 40.

[8] See Document No. 9 ¶ 9.

[9] Document No. 6 ¶ 40.

certain fees "provided the person seeking the exemption currently resides in this state and entered the service at a location in this state, declared this state as the person's home of record in the manner provided by the applicable military or other service, or would have been determined to be a resident of this state for purposes of Subchapter B at the time the person entered the service."). Plaintiff alleges he meets all the requirements of the Act, except that he was not a resident of Texas when he enlisted in the Army.[10]

Plaintiff filed suit against numerous state employees in their official capacities, seeking to enjoin as unconstitutional his exclusion from the Act's benefits based on his having not been a Texas resident when he enlisted.[11] Plaintiff names as Defendants: Texas Veterans Commission Chairman Eliseo "Al" Cantu, Jr, Vice Chair James Scott, Secretary Richard McLeon, IV, Member Jake Ellzey, and Member Daniel Moran (collectively the "Texas Veterans Commissioners"); Texas Higher Education Coordinating Board ("THECB") Chairman Harold Hahn, Vice Chair Robert Jenkins, Jr., Member Sada Cumber, Member Christopher Huckabee, Member Jacob Monty, Member Janelle Shepard, Member John Steen, Jr., Member David Teuscher, and Member Raymond Paredes (collectively the "THECB Members"); University of Houston Board of Regents Chairman Jarvis

---

[10] Id. ¶ 42; Document No. 6-2.

[11] Document No. 1 (Orig. Compl.); Document No. 6.

3

Hollingsworth, Vice Chairman Tilman Fertitta, Secretary Welcome Wilson, Jr., Member Beth Madison, Member Spencer Armour, III, Member Roger Welder, Member Durga Agrawal, Member Paula Mendoza, and Member Peter Taaffe (collectively the "Board of Regents"); University of Houston President Renu Khator ("Khator"); Texas Governor Rick Perry (the "Governor"); and Texas Attorney General Greg Abbott (the "Attorney General," and collectively, "Defendants").

Plaintiff alleges that the Act's "fixed-point residency requirement" violates his rights to equal protection and to travel under the United States Constitution.[12] Plaintiff also asserts violation of 42 U.S.C. § 1983, and seeks declaratory and injunctive relief.[13] Upon the Court's consideration of Plaintiff's motion for a preliminary injunction, the parties agreed, *inter alia*, that Plaintiff would withdraw without prejudice his motion for preliminary injunction and that he would not be penalized for failure to pay tuition and fees for Fall 2014 and Spring 2015 pending resolution of the case.[14] The Texas Veterans Commissioners, THECB Members, Khator, the Governor, and the Attorney General (collectively, the "Moving Defendants"), move to dismiss Plaintiff's claims against them, arguing that they are entitled to

---

[12] Document No. 6 ¶¶ 2, 57-60.

[13] Id. ¶¶ 61-71.

[14] Document No. 19.

4

Eleventh Amendment immunity because they have no connection with the enforcement of the tuition exemption, and that Plaintiff lacks standing to bring claims against them.[15]

II. Discussion

A. Legal Standard

The Moving Defendants move to dismiss Plaintiff's claims under Federal Rules of Procedure 12(b)(1) and 12(b)(6).[16] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. See Ramming, 281 F.3d at 161. The Fifth Circuit distinguishes between "facial" and "factual" attacks to subject matter jurisdiction. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack--which the Moving Defendants bring here--consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenging the

---

[15] Document No. 11. The Board of Regents Defendants do not move to dismiss the claims against them. Id. at 3.

[16] Id. at 3.

5

court's jurisdiction based solely on the pleadings. *See* Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Paterson, 644 F.2d at 523. When presented with a facial challenge to subject matter jurisdiction, the court must accept all allegations in the complaint as true. *See* Paterson, 644 F.2d at 523.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

6

misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

B. Discussion

The Moving Defendants argue that Plaintiff lacks Article III standing to bring this claim and that even if Plaintiff had standing, Plaintiff fails to state a claim because his claims are barred by the Eleventh Amendment.[17]

1. Standing

Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to "cases" or "controversies." See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013). The requirement that a litigant must have standing to invoke the power of a federal court is "one of the controlling elements in the definition of a case or controversy under Article III." Hein v. Freedom From Religion Found., Inc., 127 S. Ct. 2553, 2562 (2007) (internal quotation marks omitted). "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative,

---

[17] Document No. 11.

7

that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc., 120 S. Ct. 693, 704 (2000) (citing Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992)).

Plaintiff pleads that he has suffered an injury in fact because the Act denies to him, a legal resident of Texas for the past ten years, the educational financing to which he would be entitled if he had enlisted in the Army as a Texas resident, and Plaintiff must therefore pay his law school tuition and fees out of pocket. The Moving Defendants claim that Plaintiff does not have standing to sue them because they are powerless to grant or deny the exemption Plaintiff seeks, so they "cannot cause him injury through the statute as Plaintiff's injury is not traceable to their conduct."[18]

### a. Texas Veterans Commissioners and THECB Members

The Texas Veterans Commission and the THECB are charged by statute with developing rules and providing information required for the "proper administration" of the Hazelwood Act. *See* TEX. EDUC. CODE § 54.341(i) ("The Texas Veterans Commission may adopt rules to provide for the efficient and uniform application of this section. In developing rules under this subsection, the commission shall consult with the Texas Higher Education Coordinating Board

---

[18] Document No. 11 at 13-14.

and institutions of higher education."); id. § 54.341(o) ("The Texas Higher Education Coordinating Board and the Texas Veterans Commission shall coordinate to provide each respective agency with any information required to ensure the proper administration of this section and the proper execution of each agency's statutory responsibilities concerning this section."); *see also* id. § 54.341(d) ("The governing board of each institution of higher education granting an exemption [for tuition and fees] under this section shall require each applicant claiming the exemption to submit to the institution, in the form and manner prescribed by the Texas Veterans Commission for purposes of this section under Section 434.0079(b), Government Code, an application for the exemption . . . .").

Pursuant to these statutory duties, the Texas Veterans Commission and the THECB have promulgated regulations for the proper administration of the Act,[19] which require, *inter alia*, that "[i]n order to be eligible to receive the Hazlewood Act Exemption, a veteran . . . shall demonstrate that he or she . . . (1) at the time he or she entered the service, was a resident of Texas, entered the service in the State of Texas, or declared Texas as his or her home of record in the manner provided by the military or other service." 40 TEX. ADMIN. CODE § 461.40. Accordingly, Plaintiff's inability to obtain benefits under the Act is traceable

---

[19] *See* Document No. 6 ¶¶ 47, 50.

9

in part to the regulations issued by the Texas Veterans Commission and the THECB, and an order enjoining the Commissioners and THECB Members from requiring that a Texas veteran demonstrate that he was a Texas resident when he entered military service would redress some of Plaintiff's injury. See K.P. v. LeBlanc, 627 F.3d 115, 123 (5th Cir. 2010) (finding causation and redressability where "[t]he Defendant Board is responsible for administering the benefits the Plaintiffs claim to have been denied"); Larson v. Valente, 102 S. Ct. 1673, 1682 n.15 (1982) ("[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury.") (emphasis in original). Plaintiff therefore has standing to sue the Texas Veterans Commissioners and the THECB Members.

    b.    President Khator

Plaintiff argues that University of Houston President Khator is a proper defendant because she "is responsible for the management of the school, which necessarily includes administration of the Hazlewood Act program for those who qualify."[20] Plaintiff relies on 40 TEX. ADMIN. CODE § 461.30(a), which provides that "an institution shall exempt an eligible person from the payment of tuition, fees, dues, and other required charges" under the Act, and

---

[20] Document No. 16 at 8.

on Section 111.18 of the Texas Education Code, which provides that a university president "shall be the executive officer for the board and shall work under its direction. The president shall recommend the plan or organization of the university and shall be responsible to the board for the general management and success of the university."[21]

The Moving Defendants argue that "[a]lthough [Khator] is selected by the Board of Regents, serves as its executive officer, and works under its direction, her general management of [the University of Houston] is insufficient to establish she would or could take any action to authorize the tuition exemption."[22] Plaintiff does not allege any direct involvement by Khator in the administration of the Act, which specifies that "[t]he *governing board* of each institution of higher education shall exempt [qualifying veterans] from the payment of tuition, dues, fees, and other required charges . . . ." TEX. EDUC. CODE § 54.341(a) (emphasis added). Accordingly, Plaintiff has not alleged facts sufficient to establish that Defendant Khator has caused his injury or that an injunction against her would redress his injury, and Plaintiff lacks standing to bring his claims against Khator.[23]

---

[21] Id.

[22] Document No. 11 at 13.

[23] Defendants do not dispute that the members of the Board of Regents are themselves proper defendants, and there is no allegation that Khator does not or will not "work under its

11

c. The Governor

Plaintiff alleges that "Defendant Rick Perry is sued in [h]is official capacity as the Governor of the State of Texas and in his official capacity as the head of the Texas Veterans Commission."[24] Plaintiff's allegation that the Governor acts as head of the Texas Veterans Commission is based solely on a putative Texas Veterans Commission organizational chart that shows the Governor in a "box" at the top of the chart, above a "box" in which is inscribed "Commission Members (5)."[25] The Governor is not shown in the chart as a member of the Texas Veterans Commission and, indeed, he is not. The Governor has responsibility only for appointing the Commission of five members, not with directing or participating in their decision-making. *See* TEX. GOV'T CODE § 434.003(a) ("The commission is composed of five members appointed by the governor with the advice and consent of the senate.").

Plaintiff does not allege any action taken by the Governor which has contributed to Plaintiff's injury, nor does he allege

---

direction." TEX. ED. CODE § 111.18; *Cf.* <u>Allstate Ins. Co. v. Abbott</u>, 495 F.3d 151, 159 n.19 (5th Cir. 2007) (citing Justice O'Connor's plurality opinion in <u>Franklin v. Massachusetts</u>, 112 S. Ct. 2767 (1992), for the proposition that "[the] redressability prong [is] satisfied where actors *who were not parties to the lawsuit* could be expected to amend their conduct in response to a court's declaration.") (emphasis added).

[24] Document No. 6 ¶ 32.

[25] *See* <u>id.</u>

that the Governor has any specific responsibility to enforce the Act. Accordingly, Plaintiff's injury is not traceable to the Governor. Furthermore, Plaintiff's suit against the Governor is barred by the Eleventh Amendment. *See* Morris v. Livingston, 739 F.3d 740, 746 (5th Cir. 2014) (Eleventh Amendment immunity applied where Governor Perry lacked specific enforcement power relating to the challenged statute) ("The required 'connection' is not 'merely the general duty to see that the laws of the state are implemented,' but 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'") (citing Okpalobi, 244 F.3d at 416). Therefore, the Governor is not a proper defendant in this suit.

d. The Attorney General

Plaintiff alleges that the Attorney General's duties "include issuing opinions on the constitutionality of state law, including the Hazlewood Act, and defending challenges to state laws. In his role as Attorney General, Defendant Greg Abbott is defending the enforceability of the Hazlewood Act, and seeking to uphold its enforcement."[26] Plaintiff does not, however, allege any action taken by the Attorney General to enforce the Act, and the Act does not confer on the Attorney General any civil or criminal enforcement mechanisms. *See* TEX. EDUC. CODE § 54.341. Plaintiff

---

[26] Document No. 6 ¶ 33.

does not allege any facts showing that his injury is traceable to the Attorney General; indeed, as Plaintiff emphasizes, the Office of the Attorney General in 1998 issued an opinion stating that a court would find the fixed-point residency requirement in the Act to be unconstitutional.

Finally, Plaintiff cites no authority for the proposition that merely representing Defendants named in the defense of Plaintiff's suit in and of itself makes the Attorney General a proper defendant, which theory has been rejected on Eleventh Amendment grounds. See Ex parte Young, 28 S. Ct. 441, 453 (1908) (rejecting argument that constitutionality of an act could be challenged by suit against attorney general simply because he "might represent the state in litigation involving the enforcement of its statutes"). Accordingly, Plaintiff lacks standing to sue the Attorney General. See Okpalobi, 244 F.3d at 426-27 (dismissing suit against attorney general for lack of standing where attorney general had no power to enforce challenged statute).

2. Eleventh Amendment Immunity

The Eleventh Amendment bars private citizens from bringing suit against a state in federal court, unless the suit falls within the narrow exception articulated by the Supreme Court in Ex Parte Young, 28 S. Ct. 441. McKinley v. Abbott, 643 F.3d 403, 405 (5th Cir. 2011). The Ex Parte Young exception "is based on the legal

14

fiction that a sovereign state cannot act unconstitutionally. Thus, where a state actor enforces an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit." LeBlanc, 627 F.3d at 124 (citing Ex Parte Young, 28 S. Ct. at 454). "In order to use the Ex Parte Young exception, a plaintiff must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." Id. (citing Ex Parte Young, 28 S. Ct. at 454); see also Okpalobi, 244 F.3d at 414-15 ("Young solidified the doctrine that state officers could be sued in federal court despite the Eleventh Amendment, while simultaneously emphasizing the requirements that the officers have 'some connection with the enforcement of the act' in question or be 'specially charged with the duty to enforce the statute' and be threatening to exercise that duty.").

Plaintiff's suit is a facial challenge to the constitutionality of the Hazlewood Act. As already discussed, the Texas Veterans Commission and the THECB are charged by statute with administering the Act, and in carrying out this duty they have promulgated regulations to enforce the conferral of benefits only to Texas veterans who had enlisted when they were Texas residents. Accordingly, the Texas Veterans Commissioners and the THECB Members have "some connection" to the enforcement of the Act and, along with the University of Houston Regents, are proper defendants under the Ex Parte Young exception to Eleventh Amendment immunity.

## III. Order

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Application for a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 11) is GRANTED IN PART and Plaintiff Keith Harris's claims against Defendants Renu Khator in her official capacity as president of the University of Houston, Rick Perry in his official capacity as Governor of the State of Texas, and Greg Abbott in his official capacity as the Attorney General of the State of Texas, are DISMISSED for lack of subject matter jurisdiction. Defendants' Motion to Dismiss is otherwise DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 24TH day of November, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE